**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WELLINGTON HALL, individually and on behalf of those similarly situated,<br>14 Madison Drive<br>Maple Shade, NJ 08052<br><br>    Plaintiff,<br><br>  v.<br><br>NATIONAL METERING SERVICES, INC.,<br>163 Schuyler Avenue<br>Kearny, NJ 07032<br><br>    Defendant. | Civil Action No.:<br><br>INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME UNDER NEW JERSEY WAGE AND HOUR LAW<br><br>**JURY TRIAL DEMANDED** |

## INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT

Wellington Hall (hereinafter referred to as "Named Plaintiff"), individually and on behalf those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant National Metering Services, Inc. (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL"). Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and similarly situated individuals all owed overtime compensation in violation of the FLSA and NJWHL.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court, in accordance with 28 U.S.C. § 1331, has original subject matter jurisdiction over Named Plaintiff's federal claims because this civil action arises under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction

over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant is business entity conducting business in the State of New Jersey at the address as set forth in the caption.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## COLLECTIVE ACTION ALLEGATIONS
### (Fair Labor Standards Act ("FLSA"))

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed as hourly employees of Defendant who work or worked for Defendant as "Technicians" and/or in similar non-exempt positions with similar duties, and who

are or were subject to Defendant's pay practices and policies described herein (the members of this putative class are referred to as "Collective Plaintiffs").

12. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, were employees of Defendant during the time from three years prior to filing of the instant action through the present whom Defendant required to work more than 40 hours per workweek and then failed to pay proper overtime wages as required by the Fair Labor Standards Act ("FLSA").

13. There are numerous similarly situated current and former employees of Defendant who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

14. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS
### (New Jersey Wage and Hour Law ("NJWHL"))

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings claims asserting violations of the NJWHL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure individually and on behalf of all persons presently and formerly employed by Defendant as "Technicians" and/or in similar positions with similar non-exempt duties, and who were subject to Defendant's pay practices and policies described herein at any point from the six (6) years preceding the date the instant action

was initiated through the present (the members of this putative class are referred to as "NJ Class Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all NJ Class Plaintiffs, was subject to the same unlawful wage policies and practices of Defendant.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class, because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent wage policies to the entire class and has refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions

by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are (1) whether Defendant failed to pay proper overtime to NJ Class Plaintiffs for hours worked more than 40 hours in a workweek; and (2) whether Defendant had any good faith basis to conclude that their failure to pay NJ Class Plaintiffs at least 1.5 times their regular rate for hours over 40 was legal.

## FACTUAL BACKGROUND

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. Named Plaintiff works for Defendant as a Technician.

26. Defendant paid/pays Named Plaintiff an hourly rate plus piece-rate payments.

27. Collective Plaintiffs and NJ Class Plaintiffs (hereinafter collectively referred to as "Class Plaintiffs) worked/work for Defendant as Technicians and other similar non-exempt positions.

28. Defendant paid/pays Class Plaintiffs hourly rates plus piece-rate payments.

29. At all times relevant, Named Plaintiff was a non-exempt employee entitled to overtime wages under the FLSA and NJWHL.

30. At all times relevant, Collective Plaintiffs were non-exempt employees entitled to overtime wages under the FLSA.

31. At all times relevant, NJ Class Plaintiffs were non-exempt employees entitled to overtime wages under the NJWHL.

32. Named Plaintiff regularly worked/works more than 40 hours in a workweek.

33. However, Defendant failed/fails to use a "weighted average," by not applying all remuneration, including piece-rate payments, when determining Named Plaintiff's regular rate upon with the overtime rate is based.

34. Accordingly, Defendant paid/pays Named Plaintiff less than one and one-half times his regular rate for hours worked more than 40 hours in a workweek.

35. By way of example only, for the workweek beginning on August 19, 2019 and ending on August 25, 2019:

   a. Defendant recorded Named Plaintiff as having worked a total of 48 hours;

   b. Defendant paid Named Plaintiff an hourly rate of $15.00 per hour for each workhour, totaling $720.00 ($15.00 per hour * 48 hours);

   c. Defendant also paid Named Plaintiff a piece-rate of $8.00 per unit for sixty (60) units, totaling $480.00 ($8.00 per unit * 60 units);

   d. Therefore, Named Plaintiff's regular rate was his total remuneration, $1,200.00 ($720.00 + $480.00), divided by all hours worked, 48 hours, which equals $25.00 per hour;

   e. Therefore, Named Plaintiff earned an overtime premium rate of $12.50 per overtime hour ($25.00 * 0.5);

   f. Accordingly, Named Plaintiff earned $100.00 in overtime premium wages during this workweek ($12.50 per overtime hour * 8 overtime hours);

    g. However, Defendant paid Named Plaintiff an overtime premium based on his hourly rate rather than his legal regular rate, paying him only $7.50 per overtime hour ($15.00 per hour * 0.5) for a total of $60.00 ($7.50 per overtime hour * 8 overtime hours) in overtime premium wages;

    h. Accordingly, during this workweek, Defendant shorted Named Plaintiff $40.00 in overtime premium wages ($100.00 - $60.00).

36. The above is merely one example of Defendant's practice of failing to correctly calculate Named Plaintiff's regular rate.

37. Defendant failed to pay Named Plaintiff proper overtime wages in this manner in every workweek in which Named Plaintiff worked more than 40 hours and earned piece-rate wages.

38. Class Plaintiffs regularly work/worked more than 40 hours per week.

39. However, Defendant fail/failed to use a "weighted average," by not applying all remuneration, including piece-rate payments, when determining Class Plaintiffs' regular rates upon which the overtime rate is based.

40. Accordingly, Defendant pay/paid Class Plaintiffs less than one and one-half their regular rates for hours work/worked more than 40 hours in a workweek.

41. As a result of Defendant's aforesaid illegal actions, Named Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
### Violations of the Fair Labor Standards Act ("FLSA")
**(Failure to Pay Proper Overtime Compensation)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

42. The foregoing paragraphs are incorporated herein as if set forth in full.

43. At all times relevant herein, Defendant was and continues to be an "employer" within the meaning of the FLSA.

44. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

45. At all times relevant herein, Named Plaintiff and Collective Plaintiffs are/were employed with Defendant as "employees" within the meaning of the FLSA.

46. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours in a workweek.

47. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek as explained *supra*.

48. Defendant's conduct in failing to pay proper overtime wages to Named Plaintiff and Collective Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

49. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered damages as set forth herein.

### COUNT II
### Violations of the New Jersey Wage and Hour Law ("NJWHL")
**(Failure to pay Overtime Compensation)**
**(Named Plaintiff and NJ Class Plaintiffs v. Defendant)**

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the NJWHL.

52. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and NJ Class Plaintiffs.

53. At all times relevant herein, Named Plaintiff and NJ Class Plaintiffs are/were employed with Defendant as "employees" within the meaning of the NJWHL.

54. Under the NJWHL, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours in a workweek.

55. Defendant's violations of the NJWHL include, but are not limited to, not paying Named Plaintiff and NJ Class Plaintiffs at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek as explained *supra*.

56. Defendant's conduct in failing to pay proper overtime wages to Named Plaintiff and NJ Class Plaintiffs is/was willful and is/was not based upon any reasonable interpretation of the law.

57. As a result of Defendant's unlawful conduct, Named Plaintiff and NJ Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and NJ Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom in violation of federal and state law;

B. Defendant is to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions;

C. Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions, as provided under the FLSA;

D. Named Plaintiff and NJ Class Plaintiffs are to be awarded liquidated damages for Defendant's illegal actions, as provided under the NJWHL;

E. Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

F. Named Plaintiff and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate.

G. Named Plaintiff's and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew Miller*
Matthew D. Miller, Esq.
Daniel A. Horowitz, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Dated: February 21, 2020

## DEMAND TO PRESERVE EVIDENCE

1. Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiffs' employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other

information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.