<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 1, 2020

Matthew D. Miller, Esq.
Daniel A. Horowitz, Esq.
Swartz Swidler, LLC
1101 Kings Highway N., Suite 402
Cherry Hill, NJ 08034
*Counsel for Plaintiff*

James J. Cutro, Esq.
Law Offices of James J. Cutro, PC
1199 Route 22 East, Suite 304
Mountainside, NJ 07092
*Counsel for Defendants*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    **Re:**    <u>Hall v. National Metering Services, Inc., et al.</u>
             Civil Action No. 20-1921 (SDW) (LDW)

Counsel:

    Before this Court is Defendants National Metering Services, Inc. ("NMS"), William Castle ("W. Castle"), and Joann Castle's ("J. Castle") (collectively, "Defendants") Motion to Dismiss Plaintiff Wellington Hall's ("Hall" or "Plaintiff") Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, **DENIES** Defendants' motion.

## **DISCUSSION**

    A.  <u>Standard of Review</u>

    An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v.*

*County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Plaintiff's Complaint Sufficiently States a Claim Upon Which Relief Can be Granted

Between 2017 and 2019, Defendants employed Plaintiff as a meter technician. (D.E. 8 ¶¶ 8-11, 39.) During that time, Plaintiff "travelled from worksite to worksite performing jobs, including but not limited to replacing water meters." (*Id.* ¶ 42.) Plaintiff was paid an hourly rate "for each and every hour he worked regardless of duties performed" and "a piece-rate for each water meter replacement." (*Id.* ¶¶ 43-44.) On February 21, 2020, Plaintiff filed suit in this Court on behalf of himself and others similarly situated[1] and alleged in his Amended Complaint that Defendants failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 *et seq.*[2], and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* (D.E. 1, 8.) Specifically, Plaintiff alleges that Defendants failed to pay required overtime for hours worked, failed to pay overtime for off-the-clock work, and failed to reimburse for work-related expenses. (D.E. 8 ¶¶ 58-96.) Defendants moved to dismiss the Amended Complaint, alleging that Plaintiff failed to state a claim upon which relief can be granted. (D.E. 10, 13, 15.)

The core of Defendants' motion is that Plaintiff's calculation of the appropriate overtime rate for hours worked is statutorily improper.[3] (D.E. 10-2 at 4-6; D.E. 15 at 2-4.) The resolution of this issue, however, involves questions of fact that are insufficiently developed at this stage of the proceedings. Specifically, the dispute about how to calculate Plaintiff's "regular rate" (as a basis for then calculating the appropriate amount of overtime) requires at least a review of any agreements between the parties as to Plaintiff's compensation and a full record of Plaintiff's

---

[1] This Court makes no determination at this time as to the validity of the class action component of Plaintiff's Complaint. That issue is not ripe for resolution.

[2] The FLSA "regulates, as a general matter, the minimum wages and overtime wages paid to workers." *Min Fu v. Hunan of Morris Food, Inc.*, No. 12-cv-058719 (KM), 2013 WL 5970167, *4 (D.N.J. Nov. 6, 2013). Section 216(b) of the FLSA grants employees the right to file suit "against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2008). "The NJWHL established a similar statutory scheme in New Jersey." *Berrada v. Cohen*, Civ. No. 16-574, 2018 WL 4629569, at *6 (D.N.J. Sept. 27, 2018) (noting that N.J. Stat. Ann. § 34:11-56a4 "address[es] minimum rates, overtime rates, and exceptions thereto"). Under the NJWPL, employers may not "withhold or divert any portion of an employee's wages unless" the employer is "required or empowered to do so by New Jersey or United States Law." N.J.S.A. 34:11-4.4; *see also Snyder v. Diez & Watson, Inc.*, 837 F. Supp. 2d 428, 445 (D.N.J. 2011).

[3] Defendants acknowledge that Plaintiff's claims for "overtime underpayments that may have resulted if his 'off the clock work' or 'work-related expenses' were not paid to him . . . are not ripe for dismissal." (D.E. 15 at 6.)

hours and compensation, neither of which is before this Court.  Although Plaintiff's pleadings are general in nature, they contain allegations that, during his employment, he consistently worked in excess of forty hours per week and was not properly paid overtime as required by federal and state law.  Plaintiff identifies the entities and persons responsible for his employment, the dates he was employed, his weekly hours, his hourly and piece-rate compensation, and the damages he alleges he suffered.  If true, the facts as alleged would entitle Plaintiff to relief.  Therefore, Defendants' motion to dismiss will be denied.

## **CONCLUSION**

Defendants' Motion to Dismiss is **DENIED**.  An appropriate order follows.

   /s/ Susan D. Wigenton     
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:  Clerk
cc:     Parties
         Leda D. Wettre, U.S.M.J.