UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WELLINGTON HALL *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL METERING SERVICES, INC., WILLIAM CASTLE and JOANN CASTLE,<br><br>Defendants. | Civil Action No.<br><br>20-1921 (LDW)<br><br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on plaintiff Wellington Hall's unopposed motion for settlement approval. (ECF No 33). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 38).

## I.     BACKGROUND

Plaintiff Wellington Hall commenced this collective and putative class action on February 21, 2020, alleging that defendant National Metering Services, Inc. failed to pay him overtime wages for time worked in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a), *et seq*. ("NJWHL"). (Complaint, ECF No. 1). An Amended Complaint was filed on May 29, 2020, impleading William Castle and Joann Castle as defendants. (ECF No. 8). Opt-in plaintiffs Dean Clarke and Angel Isaac subsequently joined the collective action. (ECF Nos. 9, 11). After the Court denied defendants motion to dismiss, the case proceeded to fact discovery. (ECF Nos. 18, 23).

After several months of fact discovery, including several court conferences, the parties reached an agreement to settle this matter. According to the settlement agreement and Plaintiffs' Unopposed Motion For Approval Of FLSA Settlement (ECF No. 33), the proposed settlement would provide for a total of $6,650.00, to be allocated as follows:

a. Payment of $1,000 to plaintiff Wellington Hall.

b. Payment of $650 to opt-in plaintiff Angel Isaac.

c. Payment of $300 to opt-in plaintiff Dean Clarke.

d. Payment of $4,700 in attorneys' fees and litigation costs to plaintiffs' counsel.

## II. ANALYSIS

The Court now determines whether to approve the settlement agreement and request for counsel fees under the requisite standards.

### A. The Terms of The Settlement Agreement

In determining whether to approve an FLSA settlement agreement, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Court's ascertainment of the existence of a bona fide dispute is to ensure that the settlement is not merely a waiver of an employee's statutory rights under the FLSA but instead is the product of a true dispute over the employee's factual entitlement to recovery under the statute. *See id.* Additionally, the Court must assess "(1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise

otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

First, the Court finds that the settlement resolves a bona fide dispute over whether the plaintiffs were entitled to any additional pay for overtime. Plaintiffs contended that the defendants improperly calculated their regular pay rates, had them work hours outside their regular shifts for which they were not compensated, and failed to compensate them for using their personal vehicles for work. Defendants, on the other hand, dispute that their wage calculations were improper, that they failed to reimburse the plaintiffs for use of their vehicles, and that plaintiffs worked overtime. Defendants contend that GPS records show that plaintiffs overstated their hours worked and that they rarely worked more than 40 hours per week. (*See* ECF No. 33-1). The parties' settlement therefore resolves these factual disputes, and as such the settlement is not merely a waiver of the plaintiffs' FLSA rights.

Second, the Court finds that the settlement constitutes a fair and reasonable compromise of plaintiffs' claimed overtime under the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). Plaintiffs' counsel represents that the settlement will pay each individual significant value, if not a full recovery, given the time records show that plaintiffs worked few, if any, hours over 40 hours per week that would trigger overtime pay. (ECF No. 33-1 at p. 3). This prospect for only a modest recovery, weighed against the expense of ongoing litigation, the risks of establishing liability and damages, and potential issues collecting on a larger judgment, renders the settlement a reasonable compromise of the claims in the lawsuit. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017). Further, the proposed

settlement is the product of arms-length negotiation between parties represented by competent counsel.

Finally, there is nothing in the record to suggest that the proposed settlement would otherwise frustrate the implementation of the FLSA. The plaintiffs are not required to maintain the settlement as confidential (indeed, the settlement agreement has been filed on the public docket), and plaintiff have released only their wage-related claims as a condition of settling this action, rather than issuing general releases. This comports with FLSA requirements. *See Brumley*, 2012 WL 1019337, at *8. The settlement agreement does include a mutual non-disparagement clause, but as it does not preclude plaintiffs from discussing the terms of the settlement agreement, "it is not so restrictive that it frustrates the purpose of the FLSA." *Lyons v. Gerhard's, Inc.*, Civ. A. No. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015). *See Mabry v. Hildebrandt*, Civ. A. No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) ("Courts have approved truly 'limited,' or narrowly drawn, confidentiality or non-disparagement clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees."). The Court therefore finds that the settlement agreement's terms are a fair and reasonable compromise of plaintiff's FLSA claims.

### B. Award of Attorneys' Fees and Costs

With regard to attorneys' fees, plaintiffs' counsel is entitled to reasonable attorney's fees as compensation for their work in recovering unpaid wages under the FLSA. *See* 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Brumley*, 2012 WL 1019337, at *9 (citations omitted). Although courts in the Third Circuit may apply the percentage of recovery method when evaluating the reasonableness of attorneys' fees in

wage and hour cases, *see, e.g., Bredbenner v. Liberty Travel, Inc.*, Civ. A. Nos. 09-905, 09-1248, 09-4587, 2011 WL 1344745, at *19 (D.N.J. Apr. 8, 2011), in some circumstances courts may also use a lodestar calculation to evaluate reasonableness. *See Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2011).

Here, plaintiff's counsel seeks $4,250 in fees, calculated by multiplying an hourly rate of $300 by approximately fifteen hours. Prior to settling this matter, counsel had investigated the claims, drafted the Complaint, opposed defendants' motion to dismiss, served and responded to written discovery requests, and analyzed pay and time records for the purpose of calculating damages. (*See* Miller Decl. at ¶¶ 3-4). Counsel certifies that he spent more than fifteen hours alone in opposing defendants' motion to dismiss (*Id.* at ¶ 3), and the Court is satisfied that counsel's $300.00 hourly rate is reasonable given counsel's experience and skill. The Court will approve the award in light of the FLSA's mandate to compensate attorneys with reasonable fees in circumstances such as this. Further, the Court will approve counsel's award of $450 in costs.

### III.   CONCLUSION

Having considered the parties' submissions in support of plaintiffs' unopposed motion for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 33-3) and approves the payments to be made to plaintiffs and their counsel as set forth therein.

The parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement. This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement.

The Clerk of Court is directed to terminate the motion at ECF No. 33 and to mark this matter CLOSED.

**It is SO ORDERED this 9th day of August, 2021.**

                                         *s/ Leda Dunn Wettre*
                                         Hon. Leda Dunn Wettre
                                         United States Magistrate Judge